FILED

April 28, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 3:42 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Lawrence Lovette,<br>          Employee,<br>v.<br>Titan Transfer, Inc.,<br>          Employer,<br>And<br><br>Zurich American Insurance,<br>          Insurance Carrier. | Docket No.:  2016-08-0025<br><br>State File No.: 97566-2015<br><br>Judge: Jim Umsted |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This case came before the undersigned Workers' Compensation Judge on April 20, 2016, upon the Request for Expedited Hearing filed by the employee, Lawrence Lovette, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether the employer, Titan Transfer, Inc., must provide medical and temporary disability benefits for Mr. Lovette's alleged work-related arm and leg injuries. For the reasons set forth below, the Court finds Mr. Lovette is not entitled to the requested benefits.[1]

### History of Claim

Mr. Lovette is a fifty-eight-year-old resident of Jacksonville, Florida.[2] Titan hired him as a truck driver on September 28, 2012. While there are several different versions of how the alleged accident occurred, Mr. Lovette claimed he injured his right arm and right leg at work on November 29, 2015. According to dispatcher notes entered on November 29, 2015, at 9:27 a.m. by Driver Manager Brian Brenton, Mr. Lovette called in to advise he had fallen at home and hurt his foot. (Ex. 3.) Mr. Brenton later emailed Titan's Safety Director, Kelvin Gashaw, on December 7, 2015, stating he specifically asked Mr. Lovette if the injury occurred at home or at work because Mr. Brenton had to

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

[2] While the Petition for Benefit Determination and other court filings indicate Mr. Lovette is a Tipton County, Tennessee resident, he testified at the Expedited Hearing he actually resides in Jacksonville, Florida.

complete a form for all work injuries reported to him. (Ex. 5.) Mr. Brenton reiterated in the email that Mr. Lovette stated the injury occurred "at his home." The email also indicated Mr. Brenton told Mr. Lovette he would report Mr. Lovette's inability to work until healed.

On December 9, 2015, Mr. Lovette contacted Mr. Gashaw to report his alleged work injury. On that date, Mr. Gashaw prepared an incident report and submitted the claim to Titan's workers' compensation insurance carrier. The incident report stated Mr. Lovette slipped on wet pallet boards and fell between trailers after getting out of his truck to check the tires and seal at 2:00 a.m. on November 29, 2015. The report further indicated Mr. Lovette reported his injury to a dispatcher named Skip Farris on November 30, 2015. Titan ultimately denied Mr. Lovette's claim on December 17, 2015.

Mr. Lovette sought medical treatment on his own for his injuries at Baptist Tipton and OrthoOne Sports Medicine & Orthopaedics. He presented to the emergency room at Baptist Tipton on November 30, 2015, complaining of pain and swelling in his right leg and right arm after a fall. The intake notes had both "yes" and "no" checked in answer to whether the injury occurred at work. Mr. Lovette advised his medical provider he "slipped and fell about 2 days ago in the rain and since then he is hurting over the right ankle and not able to use his right shoulder." The emergency room physician diagnosed Mr. Lovette with a calcaneal fracture and instructed him to follow up with an orthopedic surgeon.

Mr. Lovette began treating with Dr. Walter Butler at OrthoOne on December 7, 2015. He told Dr. Butler he fell eight days earlier while working on his truck at work. Dr. Butler diagnosed Mr. Lovette with a right calcaneal fracture with associated fracture blisters. Dr. Butler provided wound care and recommended surgical intervention. Mr. Lovette underwent surgery on December 15, 2015. Dr. Butler drafted correspondence on January 14, 2016, indicating he took Mr. Lovette off work on December 7, 2015, and had not determined when he would release Mr. Lovette back to work.

On January 7, 2016, Mr. Lovette filed a Petition for Benefit Determination with the Bureau of Workers' Compensation. The PBD noted that he fell from a truck while checking a load, injuring his ankle and shoulder. (T.R. 1 at 1.) The parties were unable to resolve the disputed issues through mediation, so Mr. Lovette filed a Request for Expedited Hearing on March 7, 2016. Thereafter, on March 9, 2016, he filed an affidavit in support of his REH. The affidavit indicated that Mr. Lovette injured himself when he "slipped while climbing down from the cab of [his] truck to check the load before departing for Columbia, Mississippi." (Ex. 1 at 1.)

At the Expedited Hearing, Mr. Lovette testified he slipped and fell on a wet pallet while checking the trailer's seal. He specifically testified he was not engaged in a pre-trip inspection when he was injured. According to Mr. Lovette, he woke up around 2:00

2

a.m. and went inside the truck stop where he had parked his truck to get a sandwich. After eating his sandwich, he got out to check the seal on the trailer to ensure no one had tampered with trailer the while he was inside. He stated it had been raining, and he slipped on a slick pallet, striking his heel on the DOT bumper. When his foot started hurting a short time later, he called dispatch and told them he could not deliver the load. He returned the truck to the yard and left his keys and GPS in the truck because he could not unhook the trailer with his injuries. After leaving the yard, he went to his brother's house and said he needed help getting into the house. The next day, his brother helped transport him to the emergency room. Mr. Lovette stated he told the emergency room providers that he sustained his injuries at work, but he had to use his own personal health insurance to get treated because he did not have a workers' compensation claim number.

Mr. Lovette's brother, Levelle Lovette, testified he first learned of Mr. Lovette's injuries on Sunday, November 29, 2015, around 9:30 or 10:00 a.m. According to Levelle Lovette, Mr. Lovette needed assistance getting out of his pickup truck and into the house. Levelle Lovette stated that Mr. Lovette's arms were "skinned up," and his foot was swollen. However, Mr. Lovette refused to go to the emergency room until the next day because he did not think he was hurt badly. He just soaked his foot to get the swelling down. Levelle Lovette further indicated that Mr. Lovette was not injured when they were together for Thanksgiving, and mentioned that Mr. Lovette had come from work on the morning of November 29, 2015.

Joyce Wilbanks, Mr. Lovette's sister, also testified at the Expedited Hearing. According to Ms. Wilbanks, Mr. Lovette stayed with her over the Thanksgiving holiday from Wednesday until about 10:00 or 10:30 a.m. Saturday. After leaving her house, Mr. Lovette went to see other family members and then went to work. Ms. Wilbanks stated that Mr. Lovette had not hurt himself at her house.

Mr. Brenton and Mr. Gashaw both testified on behalf of Titan at the Expedited Hearing. Mr. Brenton testified he spoke to Mr. Lovette at 9:27 a.m. on November 29, 2015. At that time, Mr. Lovette advised he hurt his foot while he was on home time. Mr. Brenton asserted he specifically asked Mr. Lovette if he sustained an injury at work and was 100% certain that Mr. Lovette did not report this occurrence as having anything to do with inspecting the truck or anything job related. Mr. Lovette responded he was hurt at home. Consequently, Mr. Brenton did not file an accident report. According to Mr. Brenton, he entered a note in the system seconds after his conversation with Mr. Lovette. He also indicated he emailed Mr. Gashaw on December 7, 2015, to tell him about this conversation with Mr. Lovette. He admitted that the date he noted in the email was incorrect and should have stated that he spoke to Mr. Lovette on November 29, 2015. Brenton admitted it was prudent for Mr. Lovette to check the trailer's seal after being away from the truck and opined that if Mr. Lovette hurt himself while checking the seal, his injury would most likely be work related.

3

Mr. Gashaw testified that Mr. Lovette called him on December 9, 2015, at 1:15 p.m. to report his work injury. Mr. Gashaw noted this was the only time he spoke to Mr. Lovette about the accident, and to his knowledge, this conversation was the first time Mr. Lovette reported a work injury. Mr. Gashaw indicated he typed the accident report during the conversation and never told Mr. Lovette his claim was not compensable. He stated that Titan's workers' compensation insurance carrier made decisions regarding compensability. In Mr. Gashaw's opinion, if Mr. Lovette hurt himself while checking the seal, his injury would most likely be work related.

## Findings of Fact and Conclusions of Law

### General Legal Principles

At an Expedited Hearing, Mr. Lovette need not prove every element of his claim by a preponderance of the evidence in order to recover temporary disability and/or medical benefits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether he has met his burden, the Court will not remedially or liberally construe the law in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Lovette nor Titan. *See* Tenn. Code Ann. § 50-6-116 (2015).

### Compensability

To be compensable, Mr. Lovette must show his alleged injury arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14) (2015). He claims he injured himself on the job in the early morning hours of November 29, 2015, at a truck stop while inspecting his truck after getting a sandwich. His testimony was not persuasive. He testified he was unsure of the exact time of his alleged injury, giving possible times between 12:30 a.m. and 4:00 a.m. He also offered different versions of how his injury occurred. He testified at the Expedited Hearing that he slipped and fell on a wet pallet while checking the trailer's seal. In his Affidavit, Mr. Lovette stated he slipped while climbing down from the cab of his truck to check the load. (Ex. 1 at 1.) His PBD indicated he fell from the truck while checking the load (T.R. 1 at 1), and the Employee Incident Report prepared on December 9, 2015, stated he slipped and fell

4

between trailers after stepping on pallet boards while checking on the tires and seal. (Ex. 2 at 1.)

To the contrary, the transportation manager-dispatcher for Titan, Mr. Brenton, testified positively and without hesitation that he received a telephone call from Mr. Lovette on November 29, 2015, at 9:27 a.m., which he immediately entered in his dispatcher notes. The report of the telephone call was introduced as Exhibit 3, and it stated "[driver] fell at home and hurt foot." Mr. Brenton testified he was 100% certain that Mr. Lovette did not report this occurrence as having anything to do with inspecting the truck or anything job related. Further, Mr. Brenton testified if Mr. Lovette had reported a work-related injury, Mr. Brenton would have completed an incident report.

Mr. Lovette went to the Baptist Tipton emergency room on November 30, 2015, at 9:36 a.m. and reported "foot and right arm injury/fall." The history did not describe the injury as occurring at work, but intake notes had both "yes" and "no" checked in answer to whether the injury occurred at work.

Mr. Gashaw, Director of Safety for Titan, testified he received a telephone call from Mr. Lovette on December 9, 2015, and at that time, Mr. Lovette reported his claim as a work injury. Mr. Gashaw testified to his knowledge this was Mr. Lovette's first report of a work injury.

The Court determines that Mr. Brenton's testimony was more credible than that of Mr. Lovette, and Mr. Lovette has not come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. Accordingly, the Court determines that Mr. Lovette's request for benefits is denied based on compensability.

Having so found, it is not necessary for the Court to address the remaining issues of medical benefits and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Lovette's claim against Titan for the requested benefits is denied at this time.

2. This matter is set for a Status Hearing on June 27, 2016, at 11:30 a.m. Central time.

**ENTERED this the 28th day of April, 2016.**

5

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Status Conference:

A Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Lawrence Lovette;
2. Titan Employee Incident Report;
3. Dispatcher Check Call notes;
4. Mr. Lovette's Driver Logs;
5. Email from Driver Manager/Dispatcher Brian Brenton to Safety Director Kelvin Gashaw, dated December 7, 2015;
6. Excerpts from DOT regulations;
7. Form C-41 Wage Statement;
8. Medical Records from Baptist Tipton and OrthoOne Sports Medicine & Orthopaedics; and
9. Email from Mr. Lovette's attorney, dated April 18, 2016.

Technical record:
1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
4. Mr. Lovette's positions statements;
5. Titan's position statements; and
6. Mr. Lovette's Application for Approval of Attorney's Fees and Costs.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 28th day of April, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| David Lumb, Employee's Attorney | | | x | dl@darrellcastle.com |
| Cliff Wilson, Employer's Attorney | | | x | cwilson@howardtatelaw.com |

_Penny Shrum_

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**